UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

FILED

APR 27 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

RAUL F GARCIA )

    Plaintiff )

v. )

LOUIS DEJOY )

    Postmaster General )

    Defendant )

CASE NO 1·22 CV 680

JUDGE_____ JUDGE BARKER

COMPLAINT MAG. JUDGE GREENBERG

Jury Demanded

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1) The Parties to this complaint

   A. The Plaintiff is an adult individual who was employed with the United States Postal Service. (USPS)

Name    Raul F Garcia

Street Address    6728 Bramblewood LN

City and County    Mayfield Village, OH 44143, Cuyahoga County

Telephone Number 216-577-1119

E-mail Address

  B. The Defendant

Name    Louis Dejoy Postmaster General U.S.P.S.

Street Address    2400 Orange Avenue

City and County    Cleveland Ohio, 44101, Cuyahoga County

Phone Number    216-443-4089

1) Basis for Jurisdiction

Federal Question

Listed are federal statutes and or provisions of the United States Constitution that are at issue in this case.

A. The civil law suit will be brought against Louis Dejoy of the USPS.
B. Title VII- Discrimination 42 U.S.C. 1983- Civil Rights; 42 U.S. 2000e
C. Assaults on Postal Employees 18 U.S.C. 1114
D. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000 TO 2000e (race, gender, and national origin)
E. American Disabilities Act of 1990
F. Prohibited Personel Practices 5 U.S.C.2302 (b)
G. Restoration Rights 5 U.S.C. 353.301
H. Permanent Injury 5 C.R.F. 353.301(c)
I. American Disabilities Act 29 C.F.R. Part 1630
I. Rehabilitation Act 29 C.F.R. 1614.203 (b)
J. Age Discrimination in Employment Act of 1967, as codified, 29U.S.C. 621 to 634.
K. Notice of Right to Sue letter from the E.E.O.C. dated 2-1-2022. The EEOC case No. 532-2021-00033x.
L. Reasonable Accommodation 5 C.F.R. 844.102 & 844.103 (a)

## STATEMENT OF CLAIM

3) The Plaintiff worked a 4-hour day with work restrictions for work related compensable injuries. This agreement was reached with the USPS and Workman's Compensation on November 14, 2014. His guaranteed work assignment was in Cleveland Ohio main Post Office.

4) The Plaintiff was employed full time as a Sales and Service Associate with the USPS for approximately 27 years at various positions in Cleveland Ohio. He is a Preference Eligible veteran with a 10% disability rating.

5) On January 7, 2020, while working as a Sales Associate at the main Post Office in Cleveland Ohio, a supervisor Ms. Janice Smiler inappropriately bear hugged him around his neck causing injury. He fell against a wall as she wrapped her body over him. Shortly afterwards, he was unable to bend down, lift packages or walk without a limp. Supervisor Jacshica Laster was immediately informed of the back injury and unwelcome sexual advances of Supervisor Janice Smiler. Her sexual advances happened with more frequency December of 2019. USPS officials did not report the incident, injury, or episodes of sexual misconduct. Postal Inspectors were not notified of the assault. No discussions of remedies of inappropriate sexual behavior. The injury to his back was never addressed nor was there concern for his safety or well-being.

6) On January 9, 2020, He was admitted at the Veterans Hospital (VA) Emergency room in Cleveland Ohio where he was treated for his neck/back injury. He was not able to walk without extreme pain. He was given cortisone shots and pain medication. He resorted to using a cane in the days that followed.

7) On January 14, 2020, Supervisor Laster asked the Plaintiff if he intended to file a Workman's Compensation claim. He informed Ms. Laster his injury was due to Supervisor Smiler's inappropriate sexual advance. She caused the injury to his back. She never suggested that he go to the hospital for treatment.

8) On January 16, 2020, Dr. Moufawad of University Hospital treated him for his back injury. The physician completed a CA-17 Duty Status Report requesting work accommodations. There was no action taken to the CA-17 for requested accommodation.

9) From January 21 to January 24, 2020, he found it difficult to walk and carry packages and remained off work. The Postal Union representative located in the facility requested adherence to his work restrictions. The request was denied.

10) On January 29, 2020, Dr. Morgan from the Cleveland Clinic treated him for his back pain stating he has a pinched nerve in his neck.

11) February 4, 2020, Dr. Saeed of the Cleveland Clinic provided pain management for the back injury. He filed a Workman's Compensation claim.

12) On February 6, 2020, he began back treatment with the Asian Health Center for weekly acupuncture. More, treatment was approved by the VA in the months to come.

13) February 15, 2020, he reported off work for lower back pain. He continued to work the next day without accommodations and in extreme pain.

14) March 2, 2020, he was seen at the VA Emergency room Hospital for dizziness, nauseous, and lower back pain. He informed Supervisor Jachica Laster he needed time off work and requested work accommodations. He received no reply.

15) March 4, 2020, He was unable work after one and a half hours as his leg became numb. He was admitted and treated at the VA Hospital for hand, elbow and numbness to his leg stemming from his recent back/neck injury.

16) March 6, 2020, Supervisor Laster provided a work accommodation using a hand-held computer or M-pos. Human Resource specialist (HRS) Lisa Sims informs Supervisor Laster and the Plaintiff the M pos unit accommodation may be rescinded upon further development. HRS Sims sites his injury sustained on January 7, 2020 was not a compensable injury therefore work accommodations will be reviewed.

17) March 10, 2020, HRS Lisa Sims writes to Workman's Compensation regarding carpal tunnel syndrome. Here, OWCP states carpal tunnel is not associated with any of the Plaintiff cases. The

issue to be examined is not carpal tunnel but relief for injury he sustained on January 7, 2020 by a supervisor.

18) On March 24, 2020, He received notice that he was removed from his permanent Rehabilitation assignment agreement with the USPS and Workman's Compensation. Supervisor Laster informed him that there was no work available for him to perform. He was relieved from his Permanent Rehabilitation Assignment. Here, the M Pos accommodation was rescinded after 17 days of notable productive work. The M Pos unit provided a substantial improvement in his ability to perform essential functions as a Sales Associate assignment.

19) Plaintiff's letter to Supervisor Laster explains he has a binding Permanent Rehabilitation Modified Assignment agreement on November 14, 2014 between the USPS and Workman's Compensation where he receives 4 hours of benefits from Workman's Comp.

20) On April 30, 2020, he filed an EEO Complaint. The USPS fails to provide reasonable accommodation at the workplace because of his heritage. A co-worker with less seniority was given another job when he was unable to perform essential duties.

21) On May 14, 2020, EEO ADR Specialist Lisa Woods processed the EEO complaint. She was hopeful management would offer a work assignment.

22) May 29, 2020, The plaintiff was admitted to the Cleveland Clinic for shortness of breath after a conversation about losing his job with his wife.

23) Supervisor Laster stated that a Light Duty package was mailed. The Plaintiff contends there was no light duty job or package to review.

24) June 18, 2020, After 3 months of no work, the Reasonable Accommodation Committee (DRAC) finally responded to his request to evaluate work accommodation. Here, DRAC members already approved his rehab assignment in 2014.

25) July 10, 2020, Dr Fuentes provided the Department of Labor and the USPS with a CA-17 medical form stating he is able to resume work and perform 4 hours of fine hand manipulation and simple grasping. He received no response from USPS officials.

26) In July 26, 2020, after 4 months without a job, DRAC informs him of an upcoming meeting to discuss reasonable accommodation. Meanwhile he has not received wages and work.

27) On July 28, 2020, The EEO Redress Mediation Conference with Lisa Woods resulted in no work available even after receiving a CA-17 Duty Status medical report from Dr. Fuentes on July 10, 2020 indicating he is able to resume work within his work restrictions as a Sales and Service Associate. Notification was received a formal EEO can be filed within 15 days.

28) On August 5, 2020, DRAC chairperson Kimberly Speers and managing officials James Hopkins, Manager HRM, Vanessa Hutchinson, NOH Compliment Coordinator, and Kathleen Pollock, District Manager of Public Relations met with the Plaintiff and Union Representative James Dennis

discussed work possibilities. Ms. Speers asked what he wanted from this meeting. He replied "I want a job." DRAC member Kathleen Pollock reply stated she did not believe the Plaintiff was capable of work. The meeting concluded with no work available.

29) August 9, 2020, Dr. Fuentes informs USPS by letter he is able to return to work and perform computer tasks and light lifting. The USPS or DRAC members did not reply.

30) On August 11, 202, He filed a formal EEO Complaint.

31) On September 9, 2020, the DRAC members discussed light duty work availability and accommodations given the fact he was able to return to work by his physician Dr. Fuentes. The Formal EEO Investigation was accepted and an EEO investigation began.

32) On October 5, 2020, DRAC chairperson Kimberly Speers notified the plaintiff that he is unable to perform the essential functions of his 4-hour permanent assignment as a Sales and Service Associate position with or without accommodation. As stated, he should contact Supervisor Laster and request to work 1 hour a day 5 days a week. On October 10, he issued a letter to Supervisor Laster as instructed requesting to work 1 hour a day, 5 days a week. Ms. Laster did not answer by phone or letter to offer work. DRAC chairperson Speer called the Plaintiff on October 12, 2020 asking if Ms. Laster offered work. He answered no she did not. The Plaintiff submitted his resignation letter ending on October 30, 2020. His wife mentioned after 27 years of service it's not worth the aggravation.

33) Months later, on August 25, 2021, Workman's Compensation informs the Plaintiff of denied disability benefits in 2020. Here, on August 18, 2021, Injury Compensation Specialist Lisa Sims informs Workman's Compensation the Plaintiff was offered work and work was available to accommodate his medical restrictions including 4 hours of fine hand manipulation. HRS Sims was not only instrumental in the denial of work accommodation in 2020 but also denying the Plaintiff OWCP benefits in 2020. To be clear, it was the DRAC members decision to deny employment and accommodation in 2020 not Ms. Sims

34) On February 2, 2022, the Plaintiff was notified of the EEOC decision. The right to file civil action in Federal Court must be filed within 90 days.

RELIEF

35) The Plaintiff cooperated in and corroborated an Equal Employment Opportunity claim against a female supervisor of sexual harassment and discrimination, the effective result of which was the effective removal of a long-time male Mexican employee who suffered injury after unwelcome sexual advances. As punishment for reporting sexual actions, harassment, and sexual advances, and related Equal Opportunity Commission proceedings, the Plaintiff has suffered reprisals, including a purposeful failure to provide work accommodations and employment.

Compensatory Damages

36) The Agency's discriminatory conduct caused him physical and emotional harm. He suffered anxiety attacks, difficulty sleeping and emotional harm, fatigue, loss of appetite and weight loss, and withdrew from personal interactions. He suffered emotional stress during months in 2020, and 2021 of his EEO hearings for which he could not recover damages.

## Non-Pecuniary Compensation

37) The Plaintiff suffered headaches, insomnia, humiliation and marital problems after the retaliation. The Plaintiff affected his relationship to such a degree that she suggested he quit his job.

## Sexual Harassment

39) He was subjected to sexual harassment from a supervisor on numerous occasions in December of 2019 and specifically on January 7, 2020 where he was not able to recover from his neck-back injury she imposed on him.

Hostile Work Environment

40) The Plaintiff was subjected to a hostile work environment based on his race when a Human Resource specialist removed his work accommodation and where he was removed from his assignment based on false pretext. She reported to Workman's Comp he had work accommodation and a position when clearly he was denied employment by the DRAC members on October 5, 2020. He was improperly dismissed from his assignment, denied reasonable accommodation considering he was a qualified individual with extensive knowledge of postal products and customer policy while working with a disability.

Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary for further investigation or discovery; (4) the complaint complies with the requirements of Rule 11.

For Parties Without an Attorney

I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date of signing  4-27-2022

Signature of Plaintiff  _____

Printed Name of Plaintiff  Raul F Garcia